UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                              PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 2:04cv322KS-MTP

AGRO DISTRIBUTORS, LLC,
A Delaware Corporation                                              DEFENDANT

ORDER ON TAXATION OF COSTS

This matter is before the court on the Bill of Costs filed by the defendant on August 25, 2006. The court has reviewed the Bill of Costs submitted by the defendant, the objections submitted on behalf of the plaintiff and the briefing provided by the parties. After careful consideration of the matter, the court finds as follows, to wit:

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P. A prevailing defendant may, in the discretion of the court, be awarded its costs in an employment discrimination case. *See Allen v. United States Steel Corp.*, 665F.2d 689, 697 (5th Cir. 1982)(*citing Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978)).

The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The defendant has filed a Bill of Costs totaling $27,786.08 with virtually no supporting documentation other than copies of the invoices supporting the amounts claimed and copies of the checks paying the invoices.  The defendant has provided no justification or documentation to support the reasonableness or necessity of any of the costs requested.  The court will therefore go through each item of the Bill of Costs and determine, as best it can, what is properly taxable under § 1920.  This court would point out to the defendant that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates.  Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F. 2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986).

Fees for service of summons and subpoenas are generally an allowable costs

and a review of the subpoenas served in this case leads the court to the conclusion that such are properly allowable in this matter in the amount of $558.00. Likewise, fees of the clerk are generally allowable and the defendant is awarded $6.00 as costs for payment to the clerk of court for a copy of the complaint.

The other categories of costs that the defendant has itemized are subject to question by the court. The first category is fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. The defendant has itemized costs of $4,852.00 for this category. Under the itemization supporting this category, the defendant sets out the costs of original depositions along with copies which are not separately itemized for some of the witnesses and only a copy for others.

The cost of original depositions are usually recoverable by the prevailing party. As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099. A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Further, "it is not

3

required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (*citing Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The defendant has offered no showing as to why any of the depositions were taken or why any of them were reasonably necessary or what they were ultimately used for. The court is aware that portions of the depositions were used in presenting the summary judgment motion and, unquestionably, were likely necessary in preparation of the case. However, the defendant has grouped the costs of the original depositions together with the costs of the copies.

The plaintiff has not objected to this portion of the Bill of Costs, however, it is incumbent upon the party seeking the recovery of costs to show that <u>copies</u> of deposition transcripts were "necessarily obtained for use in the case." *Copper Liquor, supra. See also, J. T. Gibbons v. Crawford Fitting Co.*, 760 F. 2d 613, 615 (5th Cir. 1985), and *Studiengesellschaft Kohle*, 713 F. 2d at 134. Additional copies are subject to a factual finding by the court as to whether they were "obtained primarily for the convenience of the parties [or] were necessarily obtained for use in the case." *Studiengesellschaft Kohle*, 713 F. 2d at 133, (other citations omitted).

The defendant has not provided any documentation to show that the copies of

the deposition transcripts were necessarily obtained for use in the case and not merely for the convenience of the defendant. Failure to do this is fatal to the defendant's attempt to recover costs for these items. As stated previously, the burden is on the party seeking the recovery of the cost to provide documented proof that the cost is recoverable under § 1920. The defendant has failed to provide the court with the necessary information to be able to determine what portions of the deposition costs appended to its Bill of Costs are recoverable under § 1920. Based on the information provided, the court would be speculating as to the recoverable portion of this otherwise appropriate item of cost if it were to award any part of this item as costs.

The next category of requested cost is fees for expert witnesses which is itemized and appended as a part of Exhibit "D" to the defendant's Bill of Costs in the amount of $19,475.00. Witness fees are governed by 28 U.S.C. § 1821. In explaining the interrelation of Fed.R.Civ.P. 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing *per diem* and travel expenses for witnesses), the Supreme Court has held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987)[1] Thus, expert witness fees in

---

[1] The wording of Rule 54(d)(1) has been slightly amended since *Crawford*. Compare Fed.R.Civ.P. 54(d)(1) (2001) with *Crawford*, 107 S.Ct. at 2497. But the operative language remains substantially the same in pertinent part. In relevant part, current Rule 54(d)(1) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The *Crawford* Court explained that § 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 107 S.Ct. at 2497. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court.

excess of the standard witness *per diem* and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such. *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987).

There is no express statutory authority in the ADA to award expert witness fees for other than court-appointed expert witnesses. Therefore, It would be error for the court to award expert witness fees in excess of those contained in 28 U.S.C. § 1821(b). *See Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404, 405 (5th Cir. 2002).

The defendant has itemized what appears to be large retainers and fees to its expert witnesses for assistance in preparing the case. However, there is no category for *per diem* or travel expenses shown for any of the experts. Thus, the court has no authority to award the expert witness fees requested as costs.

The next item for which the defendant seeks to recover costs for is "fees for exemplification and copies of the papers necessarily obtained for use in the case" in the amount of $828.50 which is itemized and appended as Exhibit "C" to the defendant's Bill of Costs. These costs are specifically provided for by § 1920 to the extent that they were necessary for preparation of the case. The plaintiff objects t the number of copies requested by the defendant and agrees that two copies of each document is reasonable at a cost of $631.07. The court agrees and awards costs for this category in that amount.

Finally, the defendant seeks the recovery of costs for obtaining copies of medical records, unemployment records, financial records and attorney mileage for attendance

---

28 U.S.C. § 1920(6).

at depositions.  None of these items of cost are recoverable under § 1920.  The court expresses no opinion as to whether these items, as well as various other expenditures the court has found are not properly recoverable as costs, are recoverable as part of fees and expenses along with attorney fees, which are subject to a separate pending motion.  *See West v Nabors Drilling USA, Inc.*, 330 F.3d 379396 (5th Cir. 2003).

  IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is entitled to a recovery of costs in the amount of $558.00 for the service of subpoenas, $6.00 as court fees,  and $631.07 as costs for exemplification and copies, for which let execution issue.  All other requests for costs are denied as not recoverable under § 1920 or as not properly documented as set forth above.

  SO ORDERED AND ADJUDGED this the 12th day of September, 2006.


       s/ *Keith Starrett*
      UNITED STATES DISTRICT JUDGE