IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

VS.                                                              CIVIL ACTION NO. 2:04cv322-KS-MTP

AGRO DISTRIBUTION, LLC,
A Delaware Corporation

OPINION AND ORDER

This cause is before the Court on Document [178] Motion for Attorney's fees filed by Agro Distribution, LLC ("Agro"), supported by Affidavits [188], [218], [219], [212], response thereto by EEOC [215], [221,] and the Court considering all submissions by the parties relevant hereto and carefully considering the factual scenarios evidenced by the pleadings in this case finds that the Motion for Attorney's fees should be granted as hereinafter set forth.

FACTUAL BACKGROUND

Henry Velez filed a charge of discrimination with the EEOC on July19, 2002. An investigator with the EEOC, LaQuida Small, was assigned to the case. The case was coded "A2" within days of being assigned. This code means that the EEOC will likely determine that the case will be one that will ultimately be charged.

Ms. Small visited the Agro facility in Hattiesburg on May 23, 2003, to conduct interviews with Agro personnel. Employees Payne and Griffin related that Small was rude and seemed to have her mind made up as to the facts. A letter was written to the EEOC Area Director,

1

Benjamin Bradley, concerning her attitude for which no response was received.

On June 17, 2003, Small issued her Predetermination Notice advising Agro of her intention to recommend the cause finding against Agro.  Agro responded on July 3, requesting reconsideration of the proposed finding and pointing out several factual errors in Small's predetermination.  The Commission did not respond to Agro's request and instead issued its "Determination" on July 22, 2003, finding that "the evidence obtained during the investigation establishes a violation of the Americans With Disabilities Act (ADA)."

The determination letter included a proposed "Conciliation Agreement" seeking full, make whole relief including back pay, reinstatement and compensatory damages and demanded payment in excess of $156,000.  Counsel for the defendant, Agro, alleged that Small was contacted by phone on several occasions in an effort to set a meeting to discuss conciliation and settlement of the dispute.  However, the conciliation log maintained by Small contains no entries of such attempts.  At Small's recommendation, the Commission terminated conciliation efforts on August 19, 2003.  Counsel for Agro wrote Area Director Bradley on August 22, complaining that they had never received a response to their July 3 request for reconsideration and objecting to the closing of conciliation without any real attempt to resolve the matter on the part of the EEOC.

On August 28, the EEOC withdrew the Failure of Conciliation Letter but informed Agro that any counter-proposal would have to be consistent with the EEOC's make whole "Remedies Policy."  Agro's counsel requested clarification as to whether the make whole requirement meant that settlement could not be reached unless there was a reinstatement and full payment of back pay and compensatory damages.  Agro also tendered a counteroffer of settlement even though it

received no response from the EEOC to its request for clarification.  Ten months later, a regional attorney for the EEOC responded that the Commission would not entertain any settlement which did not include reinstatement, full back pay and some payment of compensatory damages.  However, during the course of discovery in this litigation, the EEOC withdrew its demand for reinstatement and back pay and only pursued a compensatory claim for emotional distress and punitive damages.

The Complaint was filed by the EEOC on September 27, 2004, alleging that Agro violated the ADA for failing to reasonably accommodate Velez's alleged disability and by discriminating against Velez when it terminated him for failure to participate in work scheduled for 6:00 a.m. on July 16, 2002.  As previously stated, EEOC sought reinstatement and back pay along with other relief.  In a letter accompanying the initial disclosures, the EEOC's attorney stated he "likely" would be calling Agro's counsel as a witness at trial.  He further stated: "Obviously, this will prohibit you from continuing to act as counsel in this matter.  Please provide the name and address of Agro Distribution's new counsel as soon as possible."  (Exhibit "A" August 11, 2005 letter from Charles Guerrier to Herbert C. Ehrhardt.)

On November 30, 2005, Agro served notice that it intended to take the deposition of Velez on December 12, 2005.  The deposition was eventually taken on March 6 and 7, 2006, but prior to the deposition counsel for EEOC announced that it had been decided to abandon the claim for back pay for Velez.  In his deposition testimony, Velez testified that his only life activity that has been substantially limited by his alleged impairment is his ability to work.  He also testified, however, that he had held a variety of jobs that required manual labor.  One of the manual labor jobs included his current job at a golf course earning $1.00 per hour more than he

made at Agro.

On May 6, 2006, counsel for Agro telephoned Emanuel Smith, the regional attorney for the EEOC and reminded him of Velez's deposition testimony, which indicated Velez was not disabled within the meaning of the ADA. Counsel for Agro called on Mr. Smith to dismiss the case or submit a realistic proposal to resolve the case. In reply, counsel for Agro received from Mr. Smith an assurance that "before the Commission approved this case for litigation . . . it was reviewed by a substantial number of attorneys who work in the field of the ADA" and a demand for the sum of $42,000 plus a settlement agreement mandating training on a variety of issues by Agro or its managers and other personnel. Agro did not agree to the demands and the case continued.

## DISCUSSION

### APPLICABLE STATUTORY LAW

The ADA contains an attorney's fee provision:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.  42 U.S.C. §12205.

A prevailing defendant is entitled to recover attorney's fees if the court finds that the plaintiff's action was "frivolous, unreasonable or without foundation even though not brought in subjective bad faith." Christiansburg Garment Company v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 684 (1978)   A bad faith finding is not required for an award of attorney's fees. Id. a 421.  434 U.S. at 421.

### REQUEST BY AGRO

Agro asked this court to award it $274,938 in attorney's fees and $27,786.08 previously sought in Agro's Bill of Costs and not awarded pursuant to 28 U.S.C. §1920 by this Court's previous Order.  Agro suggests that the EEOC's action was unreasonable, frivolous and without foundation, arguing the following, to-wit:

1. That the EEOC knew or with a reasonable investigation should have known that the claim was baseless, incomplete, inadequate, biased and faulty.

2. That the EEOC did not engage in good faith conciliation efforts.

3. That the EEOC did not terminate the litigation when it knew that it had no possibility of success.

## THE INVESTIGATION

Agro apparently was offended by the attitude and apparent inadequate investigation by the EEOC's representative, LaQuida Small.  Her conduct was reported to the EEOC but the EEOC made no response.  On May 6, 2006, counsel for Agro telephoned Emanuel Smith, the regional attorney for EEOC and reminded Mr. Smith of the deposition testimony which indicated Velez was not disabled within the meaning of the ADA and called on Mr. Smith to dismiss the case or submit a realistic proposal to resolve it.  The arrogant response from Mr. Smith indicated that he knew very little about the facts of the case and that the substantial number of attorneys who "worked in the field of the ADA" and who reviewed Velez's claim knew even less. Statements of witnesses were ignored by the EEOC and the Commission chose to proceed instead of folding its tent and conceding the litigation or at least attempting good faith conciliation.  Agro had no choice but to proceed vigorously in its attempt to defend the Complaint.

This Court previously ruled in Document [171] on the merits of this case and discussed the requirements for conciliation and the standard for the Americans With Disabilities Act. This will not be rehashed in this opinion but it was clear to this Court that the EEOC had not done its homework. Summary Judgment was granted on the merits of the case and the Complaint was dismissed with prejudice. It is a tragedy that such significant legal and judicial resources have been wasted on this case. Had the Complaint been reasonably investigated, reasonably conciliated and reasonably considered during the course of the litigation, it would have never gotten to this point. This Court finds that the EEOC's actions and inactions in this case were unreasonable and frivolous.

## THE EEOC FAILS TO SHOW THAT AN AWARD OF ATTORNEY'S FEES IS NOT WARRANTED

In its response to the request for attorney's fees, the EEOC argues that the billings are not sufficiently documented, are too general, and lack specifics enough to permit adequate review. In the amendment to the motion, including the affidavits and copies of the billings, Agro presented a detailed statement of the charges. The Court finds that the billings are adequately documented. The Court further finds that the rates charged by the respective attorneys and staff members are adequately documented and represent reasonable rates for the time and skill of the attorneys involved. It should be noted that the EEOC does not provide any counter-affidavits or other proof showing that the fees are unreasonable or even that they are excessive.

The number of hours expended and listed in the itemized billings are extremely high and are clearly excessive for a case with the merits of the one before the Court. However, the EEOC challenges none of the hours expended but only makes vague statements that they are not specific

enough.  The length of this litigation and the amount of time necessary to defend it is to be laid at the feet of the EEOC.  This case should have been ended early on and the only party that could do that was the EEOC.   For that reason, the Court finds that the time expended is reasonable under the circumstances.

## AMOUNT OF FEES TO BE ASSESSED

This Court has attempted to give the benefit of the doubt to the EEOC as much as possible.  Even though this Court has found that the investigation was deficient and the attempts at conciliation early in the litigation were deficient and unreasonable, the EEOC nevertheless has an obligation to enforce the Americans With Disabilities Act and to vigorously represent persons that it believes have been victims of violations of the Act.  This Court finds that the EEOC was absolutely unjustified in proceeding past the deposition of Mr. Velez.  The letter of May 6, 2005, from Mr. Smith is determined by this Court to be the cut-off date for which the EEOC could be given any consideration for acting with any justification.  Therefore, the Court finds that in an effort to give the EEOC the benefit of every doubt that fees billed prior to that date should not be assessed against it.  This means that a credit of $77,179 should be given and fees of $197,859 plus costs of $27,786.08 should be assessed against the EEOC.

For the reasons above stated, it is ordered that EEOC reimburse Agro said sums.

SO ORDERED this, the 29th day of March, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE